JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur in that part of the majority opinion which discusses the proper standard of review in a case like this which originated before the County Superintendent, and after an intermediate state level of review, was appealed to the State District Court.
However, I dissent from that part of the majority opinion which affirms the decision of the second County Superintendent because I conclude that it was contrary to the first District Court’s decision, exceeded the scope of issues to be decided on remand, and was contrary to the law of the case as established by the first District Court appeal.
*528 In the first District Court opinion, Judge Gordon Bennett concluded that this case should be remanded to the County Superintendent for determination of whether there was good cause to support Spivey’s termination considering parents’ observations which were not considered in the first decision. However, he specifically held that loss of parental confidence did not establish good cause for termination, and that insubordination, since not raised on appeal, could not form the basis of Spivey’s termination.
He held that “good cause cannot be based on strictly external factors such as community hostility. Good cause can be based only on competent evidence regarding the actions or inactions of the teacher in question.”
With regard to insubordination, he held that:
Initially, we note that the County Superintendent did not make any finding or conclusion on the trustees’ allegation of insubordination and that the trustees did not assert this omission as error in the appeal to the State Superintendent. Nevertheless, the State Superintendent found that there was substantial credible evidence of insubordination. . . . Spivey has challenged this finding.
The Montana Supreme Court has stated explicitly that: “Findings of the reviewing agency properly cannot be included as facts when they are not part of the findings below.” Thus, we must reverse the State Superintendent on this issue. [Citation omitted]. This case was not remanded by the original District Judge to the
County Superintendent for further findings regarding insubordination. He concluded that because the Trustees had not appealed the failure of the original County Superintendent to find insubordination, that that issue could not be raised on appeal, and the absence of insubordination was a final determination.
However, on remand, the second County Superintendent based her decision to uphold the termination of Spivey on two conclusions: (1) “loss of confidence in the teacher;” and (2) “insubordination.” These conclusions were contrary to the law of the case as established by the District Court and should be reversed.
I also conclude that the second County Superintendent ignored the mandate from the District Court regarding the determination of whether or not Spivey’s termination was premature. The District Court concluded that Spivey had been given adequate notice that her playground supervision was deficient, and had been given an adequate opportunity to correct that aspect of her performance. However, *529 the court went on to add that since the State Superintendent made no findings or conclusions regarding Spivey’s opportunity to correct other alleged deficiencies in her performance,
[w]e infer that he agreed with the County Superintendent that Spivey had not been given adequate opportunity to remedy these problems. Because there is rio disagreement, we will not review this issue and further affirm the County Superintendent’s conclusion that Spivey had not been given adequate opportunity to address the other problems.
In conclusion, the District Court held that:
Further, we have heard no argument and make no holding as to whether, in any event, Spivey’s termination was premature because she had not been given adequate opportunity to address the identified problems or whether her actions were so patently unacceptable that she could be termination [sic] without such an opportunity.
Based on these two conclusions by the District Court, the County Superintendent was left with two options. She could conclude that Spivey’s termination was justified based on inadequate playground supervision alone, or she could conclude, based on the additional evidence, that there was good cause for her termination based on other deficiencies in her performance, and that those deficiencies were “so patently unacceptable that she could be terminated without an opportunity to correct her inadequacies.” On remand, the second County Superintendent did neither. She did not base her conclusion that there was good cause for termination on inadequate playground supervision. She did conclude that Spivey’s conduct was patently unacceptable, but did not set forth the particulars in which it was patently unacceptable so that a reviewing court could determine whether or not Spivey’s conduct created a legal exception to the rule that tenured teachers are entitled to an opportunity to cure inadequacies in their performance. The only reasons given as justification for Spivey’s termination were loss of parental confidence and insubordination, which, for the reasons set forth previously, were beyond the scope of the issues to be considered by the County Superintendent on remand from the District Court.
For these reasons, I dissent from that part of the majority opinion which holds that the second County Superintendent did not abuse her discretion by exceeding the scope of her mandate from the District Court.
JUSTICE HUNT joins in the foregoing concurrence and dissent.